EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
KEITH H. BORJON
Supervising Deputy Attorney General
CAROL WENDELIN POLLACK
Senior Assistant Attorney General
State Bar No. 58036
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 897-2248
  Fax: (213) 897-6496
  Email: DocketingLAAWT@doj.ca.gov
Attorneys for Respondent

KAREN R. SMITH
Attorney at Law
State Bar No. 55136
675 South Westmoreland Avenue
Los Angeles, CA 90005
  Telephone: (213) 738-6803
  Fax: (310) 472-9951

RICHARD H. CHAPNIK
Attorney at Law
State Bar No. 162197
3250 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
  Telephone: (415) 388-1835
  Fax: (415) 388-1835
Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **MALCOLM J. ROBBINS,** | **DEATH PENALTY CASE** |
| Petitioner, | CV 91-4768-TJH |
| v. | |
| **ROBERT L. AYERS,** | **PROTECTIVE AND SEALING ORDER** (#204) |
| Respondent. | |

1

For good cause, the joint stipulation signed by the parties on July 30, 2008, is hereby adopted by the Court. Therefore, pursuant to <u>Bittaker v. Woodford</u>, 331 F.3d 715 (9th Cir. 2003), the Court **ORDERS** as follows:

1. All privileged materials, documents and testimony produced to Respondent in this action may be used only for purposes of litigating this habeas corpus proceeding and for no other purpose. All privileged materials, documents and testimony produced to Respondent in this action may be disclosed or made available only to: a) Petitioner and the members of his legal team, i.e., lawyers, paralegals, investigators, and support staff, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondent and the members of his legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to Petitioner's case by the California Department of Justice, Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses. This Protective Order extends to all members of the legal teams and all persons retained by the parties to litigate this matter. All such individuals shall be provided with a copy of this Protective Order.

2. Except for disclosure to the persons and agencies described in Paragraph 1, disclosure of the contents of the materials, documents and testimony and the materials, documents and testimony themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without Petitioner's permission or the Court's order.

3. If Respondent contends that he needs to disclose Petitioner's privileged material to outside prosecutorial agencies, outside law enforcement personnel, or experts, consultants, deponents or witnesses not specifically retained by Respondent's counsel as specified in Paragraph 1, in order to investigate or respond to Petitioner's habeas claims, Respondent shall seek permission of habeas counsel to do so.

1  Respondent shall provide Petitioner's counsel (a) the identity of the individual(s) to
2  whom access is going to be provided, and (b) Respondent's reasons therefor.
3  Petitioner shall notify Respondent within three court days of his non-opposition or
4  objection to Respondent's proposal.  If Petitioner objects to Respondent's proposal,
5  and if the parties cannot resolve their differences, Petitioner shall provide his written
6  objection to Respondent within three further court days.  Respondent shall file and
7  serve a document containing Petitioner's objections and Respondent's responses
8  within three further court days.  The Court shall rule on Petitioner's objections before
9  the privileged materials are disclosed.  Any person obtaining access to the privileged
10 material pursuant to this process shall also be given a copy of this Protective Order
11 and shall sign a statement agreeing to be bound by the terms of this Protective Order.
12         4.   All materials, documents and testimony that Petitioner contends are
13 privileged shall be clearly designated by him as privileged by labeling the documents
14 or testimony in a manner that does not prevent reading the text of the materials,
15 documents or testimony.  All documents and testimony designated as privileged under
16 this agreement that are submitted to this Court shall be submitted under seal in a
17 manner reflecting their confidential nature and designed to ensure that the privileged
18 material will not become part of the public record.  Should an evidentiary hearing be
19 held in this matter, privileged testimony shall be clearly designated as such by
20 marking the transcripts of the proceeding.  Any pleading, deposition transcript,
21 discovery response or request, or other papers served on opposing counsel or filed or
22 lodged with the court that contains or reveals the substantive content of the privileged
23 matter shall be filed under seal, and shall include a separate caption page that includes
24 the following confidentiality notice or its equivalent.
25 / / /
26 / / /
27 / / /
28 / / /

**"TO BE FILED UNDER SEAL**

**THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED"**

5. If privileged documents or documents containing privileged matters are filed with this Court, they shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

6. Petitioner's disclosure of documents or materials from trial counsel's file, or from files of persons associated with, retained or consulted by trial counsel, or from appellate and state habeas counsel's file, and of testimony by Petitioner's trial counsel and by Petitioner's defense investigator at a deposition or evidentiary hearing in this case, does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of a retrial of all or any portion of Petitioner's criminal case.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

7. This Order shall continue in effect after the conclusion of this habeas corpus proceeding and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this Order shall only be made upon notice to and an opportunity to be heard from both parties.

IT IS SO ORDERED.

Dated: August 4, 2008.

HON. TERRY J. HATTER, JR.
United States District Judge

LA1992XW0011
60322419.wpd

5